IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                                *

UNITED STATES OF AMERICA,     *

                                                *

       v.                   CRIMINAL NO.:  WDQ-03-0305

                                                *

ROBERT BUTLER (# 40831-037)   *

                                                *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

MEMORANDUM OPINION

Robert Butler requests reconsideration of his motion to reduce sentence under 18 U.S.C. § 3582.  On March 2, 2005, the court sentenced Butler to 235 months incarceration for possession with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 841(a).  Paper No. 26.[1]  On January 5, 2009, the court granted Butler's § 3582 motion for an offense level reduction pursuant to 18 U.S.C. § 3582(c)(2) and § 1B1.10 of the United States Sentencing Guidelines, and reduced his sentence to 188 months.  Paper No. 58.[2]

---

[1]  At sentencing, Butler's Total Offense Level was 34, and he was within criminal history category V; his Guidelines range was 235-293 months.  Paper No. 44 ¶ 4.

[2]  Under the amended crack guidelines, Butler's offense level was reduced to 32; which lowered his Guidelines range to 188-235 months.  Paper No. 52.

On February 24, 2010, Butler filed this motion for reconsideration of his sentence "under the one to one ratio."[3] The Court presumes that Butler is referring to legislation introduced in Congress to reduce or eliminate the sentencing disparity between crack and powder cocaine. *See, e.g.*, Fair Sentencing Act of 2009, S. 1789, 111th Congress (2009); Fairness in Cocaine Sentence Act of 2009, H.R. 3245, 111th Congress (2009); Crack-Cocaine Equitable Sentencing Act of 2009, H.R. 2178 111th Congress (2009). Because these bills are not law, they do not provide a basis for relief.

Further reconsideration of Butler's sentence is foreclosed by *United States v. Goodwyn*, 596 F.3d 233, 235-236 (4th Cir. Feb. 26, 2010). The clear intent of § 3582 is to *constrain* postjudgment sentence modifications; permitting unlimited motions for reconsideration over an unspecified period of time would subvert the statute's purpose. As *Goodwyn* observed:

---

[3]  In an earlier document (Paper No. 55), Butler sought a sentence reduction based on *Spears v. United States*, -- U.S. --, 129 S. Ct. 840 (2009). In *Spears*, the Supreme Court clarified its holding in *Kimbrough v. United States*, 552 U.S. 85 (2007): when initially imposing a sentence, the sentencing court may "reject and vary categorically from the crack-cocaine Guidelines based on a policy disagreement with those Guidelines." *Id*. at 844. Neither case authorizes a district court to reduce a defendant's previously imposed sentence under § 3582(c). *See, e.g.*, *United States v. Jackson*, 303 Fed. Appx. 815, 819 n.2 (11th Cir. 2008). Moreover, neither § 3582(c)(2) nor the applicable policy statements authorize a full resentencing of a defendant. *See* U.S.S.G. § 1B1.10(a)(3); *United States v. Dunphy,* 551 F.3d 247, 251-52, 255 (4th Cir. 2009).

> When the Sentencing Commission reduces the
> Guidelines range applicable to a prisoner's
> sentence, the prisoner has an opportunity
> pursuant to §3582(c) to persuade the district
> court to modify his sentence.  If the result
> does not satisfy him, he may timely appeal it.
> But he may not, almost eight months later, ask
> the district court to reconsider its decision.

*Id*. at 236.  As the § 3582 statutory framework "embraces"

principles of finality of judgment, district courts may not

modify a term of imprisonment once it has been imposed unless §

3582(c) or Fed. R. Crim. P. 35 expressly permits the court to do

so.  18 U.S.C. § 3582(c)*; see Goodwyn,* 596 F.3d at 235.

As Butler's sentence has been modified pursuant to the

limited authority of § 3582, and he has provided no legal basis

for a second reduction, his motion for reconsideration must be

denied.


<u>April 20, 2010</u>                    _____/s/_____
Date                               William D. Quarles, Jr.
                                   United States District Judge




3