```
          IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION
```

UNITED STATES OF AMERICA      *

v.                            *     CRIMINAL NO.: WDQ-03-0305

ROBERT JOSHUA BUTLER          *

                              *

* * * * * * * * * * * * *

## MEMORANDUM OPINION

Robert Joshua Butler pled guilty to possession with intent to distribute cocaine base ("crack"). Under an earlier change in crack sentencing guidelines, his sentence was reduced to 188 months imprisonment. Pending is Butler's motion to further reduce his sentence based on the most recent reduced Sentencing Guidelines for crack cocaine offenses. For the following reasons, the motion will be denied.

I.  Background

Butler has a significant criminal history. On September 20, 1999, Butler was convicted of possession of a controlled dangerous substance ("CDS") and marijuana.[1] Presentence Report ("PSR") at 5. On October 21, 1999, he was convicted of reckless endangerment and possession of CDS. *Id*. On September 28, 2000,

---

[1] In addition to his four convictions, Butler has been arrested six times from 1997 to 2003, for crimes that included burglary, armed robbery, assault, possession of a handgun, and resisting arrest. PSR at 5-8.

Butler was convicted of possession of CDS. *Id.* at 6. On April 1, 2002, he was convicted of false statement to a peace officer, resisting arrest, and attempting to elude police by fleeing on foot. *Id.* At the time of his arrest and sentencing in this case, Butler was awaiting trial on armed robbery, assault, and burglary charges from a June 13, 2003 arrest.[2] *Id.* at 8. Butler's criminal history category was VI. *Id.* at 7.

On May 20, 2003, Baltimore County police executed a search and seizure warrant at Butler's residence and seized 122.8 grams of suspected crack cocaine, drug paraphernalia, and two firearms. Plea agreement at 4.

In this case, Butler pled guilty to possession with intent to distribute cocaine base. Butler stipulated to the seizure and stated that the crack and one of the firearms had been given to him by another drug dealer who believed he was under police surveillance. He was sentenced to 235 months imprisonment. ECF No. 26. On February 28, 2005, the Court reduced Butler's sentence to 188 months imprisonment based on retroactive changes to the Sentencing Guidelines. ECF No. 54.

Butler's institutional adjustment has been uneven. On October 16, 2006, institutional officers found a homemade weapon

---

[2] The Maryland Judiciary Case Search shows these charges as pending. *See* Baltimore City Circuit Court cases 103223028, 103223029; http://casesearch.courts.state.md.us/inquiry/inquiry-index.jsp.

inside a peanut butter jar in Butler's locker. SENTRY report. On August 22, 2011, Butler participated in a fight. *Id.* To his credit, Butler has completed several life skills and recreational programs.

Effective November 1, 2011, Sentencing Commission Amendment 750 retroactively changed the Guidelines for crack cocaine offenses. *See* U.S.S.G. Appendix C at 391-398 (2012); *see also* U.S.S.G. § 2D1.1(c) (2012). On August 17, 2012, the Federal Public Defender requested a reduction in Butler's sentence under 18 U.S.C. § 3582(c)(2). ECF No. 75. On September 26, 2012, the government opposed reduction on public safety grounds. On October 15, 2012, the Federal Public Defender replied.

II. Analysis

Butler seeks a reduction in his sentence under 18 U.S.C. § 3582(c)(2). Section 3582(c)(2), states that a defendant "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," may seek a reduction in sentence, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Sentencing Guidelines state that a reduction in sentence is permitted for crack cocaine under amendment 750. *See* U.S.S.G. § 1B1.10(c) (2012).

Under 18 U.S.C. § 3582(c)(2), the Court may reduce a defendant's sentence "after considering the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(2). The Court considers the § 3553(a) factors, the nature and seriousness of the danger to any person or the community by the reduction, and post-sentencing conduct, to determine (1) "whether a reduction in the defendant's term of imprisonment is warranted," and (2) "the extent of such reduction" under U.S.S.G. § 1B1.10(b). U.S.S.G. § 1B1.10 application note 1(B). In calculating the reduced sentence, the only modification made under the Guidelines is to the retroactively revised provisions; "all other guideline application decisions [are] unaffected." *Id.* § 1B1.10(b)(1). Whether to reduce a sentence is within the discretion of the district Court. *United States v. Stewart*, 595 F.3d 197, 200 (4th Cir. 2010). "The court is not required to reduce a defendant's sentence, even whe[n] the current sentence is above the amended guidelines range." *Id.*

One of the factors that the Court considers for a motion to reduce sentence is public safety. *See* 18 U.S.C. § 3553(a)(2)(C); U.S.S.G. § 1B1.10 application note 1(B). Two handguns were found in Butler's residence. *See* Plea agreement at 4. Butler had a homemade weapon in prison. SENTRY Report. Butler has a significant criminal history of drug offenses and

4

violence. *See* PSR at 5-8. He was also facing trial for armed robbery, assault, and burglary during the proceedings in this Court. *See* PSR at 8. Butler's current sentence of 188 months adequately protects the public safety and reflects the seriousness of the offense, and Butler's post-sentencing conduct.[3] Accordingly, the Court will not further reduce Butler's sentence.

III. Conclusion

For the reasons stated above, Butler's motion to reduce sentence will be denied.

2/20/03
Date

William D. Quarles, Jr.
United States District Judge

---

[3] *See* 18 U.S.C. § 3553(a); U.S.S.G. § 1B1.10 application note 1(B); *United States v. Stewart*, No. 12-7394, 2012 WL 5695258, at *1 (4th Cir. Nov. 16, 2012) (per curiam).

5